UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GS HOLISTIC, LLC, <br><br> Plaintiff, <br><br> v. <br><br> U SMOKE LLC, et al., <br><br> Defendants. | CASE NO. C23-0374JLR <br><br> ORDER |

Before the court is Plaintiff GS Holistic, LLC's ("GS Holistic") motion for a 60-day extension of time to perfect service on Defendant Shamaila Nizar. (Mot. (Dkt. # 9).) The court GRANTS GS Holistic's motion for an extension of time.[1]

Federal Rule of Civil Procedure 4 requires a plaintiff to serve the defendant with a

---

[1] Although the motion is noted for consideration on June 23, 2023 (*see id.*), the court sees no reason to delay issuing a decision on the motion. *See* Fed. R. Civ. P. 1 (authorizing the court to construe the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action and proceeding").

ORDER - 1

summons and a copy of the complaint and sets forth the specific requirements for doing so. *See* Fed. R. Civ. P. 4. Rule 4(m), which provides the timeframe in which service must be effectuated, states in relevant part:

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*Id.*

GS Holistic filed this action on March 14, 2023. (Compl. (Dkt. # 1).) As a result, Rule 4(m)'s 90-day deadline for effectuating service of process expired on Monday, June 12, 2023. Fed. R. Civ. P 4(m). On April 24, 2023, GS Holistic filed an affidavit of service on Defendant U Smoke LLC. (Aff. of Service (Dkt. # 8).) GS Holistic represents that its process server has been unable to serve Ms. Nizar and that it has provided a new address at which the process may attempt service. (Mot. ¶¶ 2-3.) GS Holistic now asks the court to extend the Rule 4(m) deadline by 60 days to allow it to perfect service on Ms. Nizar "either personally or by publication." (Mot. ¶ 5.)

Based on the minimal information GS Holistic has provided regarding its efforts to locate and serve Ms. Nizar, the court finds that GS Holistic has not demonstrated good cause for its failure to effectuate service before the Rule 4(m) deadline. Nevertheless, the court GRANTS GS Holistic's motion for a 60-day extension of the deadline to perfect service (Dkt. # 9).[2] GS Holistic shall file proof of service on Ms. Nizar by no later than

---

[2] This order does not grant GS Holistic leave to serve Ms. Nizar by publication. If GS Holistic seeks to serve Ms. Nizar by publication, it must file a motion for leave to do so. *See*

**August 11, 2023**. Failure to do so may result in the dismissal without prejudice of GS Holistic's claims against Ms. Nizar. Further extensions of the deadline to serve Ms. Nizar will not be granted absent exceptional circumstances.[3]

Dated this 13th day of June, 2023.

*[signature]*

JAMES L. ROBART
United States District Judge

---

*Pascua v. Heil*, 108 P.3d 1253, 1257 (Wash. Ct. App. 2005) (explaining the standard for granting leave to serve a defendant by publication in Washington).

[3] Under Local Rules W.D. Wash. LCR 10(e)(3), the law firm, mailing address, and telephone number of the attorney preparing the paper should be printed or typed at the bottom of each page of a motion or other filing. In addition, Local Rules W.D. Wash. LCR 10(e)(5) requires line numbers in the left margin of each page of a motion or other filing. Here, the footer of GS Holistic's motion contains contact information for The Ticktin Law Firm, even though the only attorney who has appeared in this action is Brett C. Harris of Virgo Law LLC. (*See* Mot.; Dkt.) In addition, there are no line numbers on the pleading paper. (*See* Mot.) Accordingly, the court ORDERS counsel for GS Holistic to carefully review the court's local rules and to ensure compliance with those rules in all future filings. Failure to comply with the court's local rules may result in sanctions.